**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-6068**

———————

RANDOLPH CROCKER, JR.,

Plaintiff - Appellant,

versus

REGINALD WRIGHT; DARLENE A. VELTRI; ROBERT
LUCERRO; M. D. BROWN; MARLONE HOUSTON,

Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Terrence W. Boyle, Chief
District Judge. (CA-04-323-5)

———————

Submitted: June 30, 2005          Decided: July 29, 2005

———————

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

———————

Randolph Crocker, Jr., Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Randolph Crocker, Jr., appeals the district court's order dismissing as frivolous his complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Because we conclude one of Crocker's claims is not frivolous, we affirm in part and vacate in part the judgment of the district court and remand for further proceedings.

A pro se litigant's pleadings should be liberally construed, and his complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claims that would entitle him to relief. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Crocker claimed Defendants confiscated letters he intended to send to members of Congress to inform them of alleged prison corruption. Crocker alleged this act infringed on his First Amendment right to communicate with the Government for redress of grievances. The district court rejected this contention, relying in part on Mahler v. Slattery, 489 F. Supp. 798 (E.D. Va. 1980), for the proposition that congressional mail was not subject to the same protections as legal mail. While we express no opinion as to the ultimate merit of Crocker's claim, we note that the regulations governing the Bureau of Prisons provide that prisoner correspondence with Congress is considered "special mail," and it is subject to specific protections, including the requirement that it be reviewed only in the presence of the inmate.

28 C.F.R. §§ 540.2, .12 (2005). We have found nothing that would authorize the indefinite confiscation of such correspondence merely because it contains allegations that are embarrassing to Defendants. Finally, we disagree with the district court's assertion that Crocker had failed to allege an actual injury; the chilling of his First Amendment rights amounts to a cognizable injury sufficient to survive the court's review for frivolousness.

Accordingly, we vacate the judgment of the district court and remand for further proceedings as to his claim regarding seizure of his letters to Congress. As to his remaining claims, we affirm on the reasoning of the district court. We deny as moot Crocker's motion to supplement the record. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART, AND REMANDED</u>